## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.P. & G.P.**

**No. 12-1443** (Clay County 12-JA-76 & 77)

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

### MEMORANDUM DECISION

Petitioner Father's appeal, by counsel Wayne King, arises from the Circuit Court of Clay County, wherein his parental rights were terminated by order entered on November 30, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, has filed its response. The guardian ad litem, Kevin C. Duffy, has filed a response on behalf of the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 24, 2012, the DHHR entered into a protection plan with Petitioner Father, as well as with the children's mother, grandparents, and great-grandparents; the plan disallowed Petitioner Father direct or indirect contact with the children. On May 31, 2012, the DHHR filed an abuse and neglect petition, alleging that Petitioner Father sexually abused A.P. when she was three years old. The DHHR further alleged that Petitioner Father had not kept a home fit for the children to live in, and that he had threatened to take the children from their maternal great-grandparents who were caring for them. On July 5, 2012, the adjudicatory hearing was held; the circuit court denied visitation to Petitioner Father because of his alleged sexual contact with the children. The youngest child was found by the circuit court to be sexually abused by Petitioner Father. Both children were found to have been abused due to the sexual abuse, as well as the conditions in the home. On November 20, 2012, Petitioner Father's parental rights were terminated by order of the circuit court, finding that there is no reasonable likelihood of the conditions of abuse and neglect being substantially corrected in the near future.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing

1

court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996)

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Father argues two assignments of error: that the circuit court erred in terminating his parental rights and in denying him an improvement period. First, regarding termination, he argues that there was not clear and convincing evidence of sexual misconduct with his youngest daughter because the oldest daughter recanted her testimony that he had inappropriately touched her, there were inconsistencies in the testimony of his youngest daughter, and no physical evidence supported the finding of sexual misconduct. The guardian and the DHHR dispute that there was any ambiguity in the testimony by the daughter describing in detail how Petitioner Father inappropriately touched her.

Finally, Petitioner Father argues he should have been afforded an improvement period. He argues that the condition of his home could have been corrected during a six-month improvement period, and that he is willing to correct the conditions in the home. The guardian and the DHHR argue that the basis of the abuse and neglect petition was the sexual abuse by Petitioner Father and that the DHHR is not required to make reasonable efforts to reunify the children due to the aggravated circumstances, as defined in West Virginia Code § 49-6-3(d)(1). The guardian further states that denying an improvement period is consistent with protecting the health and welfare of the children.

Petitioner Father has not shown that the circuit court was clearly wrong in finding that Petitioner Father sexually abused A.P. Petitioner Father's sexual abuse of A.P. is an aggravating circumstance that relieves the court of making reasonable efforts to reunify the children with their father. This Court finds that the circuit court was presented with sufficient evidence upon which it based its findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II